IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLECTORS TRAINING INSTITUTE, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 05 C 3148 |
| UNITED STATES OF AMERICA | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion to dismiss or, in the alternative, to affirm the determination of an Internal Revenue Service appeal. For the reasons stated below, we grant Defendant's motion to dismiss.

## BACKGROUND

Collectors Training Institute, Inc. ("CTI") is a collection agency that contracts with credit card companies and other creditors to collect on delinquent account balances owed by cardholders. In October 2001, CTI allegedly entered into a first installment agreement with the Internal Revenue Service ("IRS") requiring CTI to

1

pay $4,000.00 per month to satisfy its tax liabilities resulting from unpaid federal employment taxes in the 4th quarter of 1999, and 2nd, 3rd, and 4th quarters of 2000. However, CTI allegedly defaulted on this installment agreement and continued to fail to pay federal employment taxes. On February 25, 2004, the IRS issued CTI a "Final Notice of Intent to Levy & Notice of Your Right to a Hearing" pertaining to the federal employment taxes CTI failed to pay in the above-mentioned quarters, all four quarters of 2002, and the 2nd and 3rd quarters of 2003. On March 23, 2004, CTI responded with a request for a Collection Due Process Hearing ("CDP Hearing"). In its request, CTI proposed an installment agreement of $5,000.00 per month and that trust fund recovery penalties ("TFRP") not be assessed against its individual officers. On June 16, 2004, CTI's shareholders/officers, William Leggett ("Leggett") and Colby Smith ("Smith"), each received a letter from the IRS informing them that TFRP would be assessed against them, because their employer, CTI, failed to pay its federal employment taxes. The letters provided instructions how to appeal or protest the assessment of TFRP to IRS Appeals. On June 17, 2004, the IRS sent CTI a letter stating that it approved CTI's request to pay its taxes in installments. On April 27, 2005, IRS Appeals issued a Notice of Determination reiterating that CTI would be allowed a payment agreement as an alternative to the issuance of a levy. However, the Determination was silent on whether TFRP would be assessed.

On May 6, 2005, CTI sent a letter to IRS Appeals requesting that the Determination be amended to address the TFRP issue. On May 10, 2005, IRS

Appeals responded by stating that the revenue officer who conducted CTI's CDP Hearing only has jurisdiction over the entity, which received the "Notice of Intent to Levy & CDP Notice." IRS Appeals also asserted that when CTI's officers received notice that TFRP were being assessed against them they were provided with instructions on how to appeal or protest the action. Finally, IRS Appeals stated that, it could not make a determination on an issue that could not procedurally be addressed during the CDP hearing. CTI subsequently brought the instant action requesting that the court: 1) set aside the Notice of Determination, 2) enter a finding that IRS Appeals, in connection with a request for a due process hearing, does have jurisdiction to entertain Plaintiff's request that" TFRPs be assessed in relation to "an in-business installment agreement," and 3) order that TFRP not be pursued against Leggett and Smith "so long as CTI remains current on its obligations under the installment agreement." (Compl. 4-5).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the

motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

I. Standing of CTI

Defendant argues that CTI lacks standing to enjoin the IRS from seeking to assess or collect taxes from CTI's officers. The Internal Revenue Code provides in part the following:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or

4

> truthfully account for and pay over such tax or willfully attempts in any manner to evade or defeat any such tax or payment thereof, shall be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . . .

26 U.S.C. §6672(a). An employer's tax liability under 26 U.S.C. §6672(a) ("Section 6672(a)") and the tax liability under Section 6672(a) of an individual that is an officer of the employer are "separate and distinct" matters. *Kuznitsky v. U.S.*, 17 F.3d 1029, 1032, (7th Cir. 1994). Individual liability is based upon the "responsible person's *conduct,* namely the party's willful failure to account for and pay over taxes owed to the government." *Id.*(emphasis in original). An employer's liability under Section 6672(a) for unpaid payroll taxes "arises as an incident of the payment of wages and salaries in the employment relationship." *Id.* The Seventh Circuit has recognized that "penalty liability under § 6672(a) cannot exist without the employer's being liable for taxes." *Id.* However, the Court has explained that the individual and employer liability under Section 6672(a) remain distinct because "such liability does not arise automatically[, but] requires willful conduct on the part of the responsible person." *Id.*

In the instant action, CTI lacked standing to request that TFRP not be assessed, because Leggett's and Smith's liability under §6672(a) and CTI's federal employment tax liabilities are separate and distinct. CTI's liability to pay the government federal employment taxes is an incident of the payment of wages and salaries in the employment relationship. In contrast, the tax liability of Leggett and

5

Smith arises from their role as responsible persons and their willful conduct in failing to account for, collect and pay taxes over to the government. Moreover, the TFRP assessed against Leggett and Smith are deemed taxes levied against them individually. 26 U.S.C. §6671(a). Thus, CTI did not have standing to litigate the separate and distinct tax liabilities of Leggett and Smith.

We also note that CTI's own request for a CDP hearing illustrates the "separate and distinct" nature of Leggett's and Smith's tax liability. (Plaintiff's Ex. B). The third section of CTI's request refers to Leggett's and Smith's consent to the extension of the statute of limitations governing the assessment of TFRP. (Plaintiff's Ex. B, 3). The fact that only Leggett and Smith and not CTI could give consent illustrates the separateness of their tax liability. In the instant action Leggett and Smith are improperly attempting to intertwine their tax liability with that of CTI rights in order to litigate their individual tax liabilities which are separate and distinct matters and, as the court concluded in *Kuznitsky*, if an individual or an employer is seeking to address liability beyond their own, the plaintiff lacks standing and a dismissal is warranted. 17 F.3d at 1032-33. Leggett and Smith thus lack standing in the instant action to enjoin the IRS from seeking to assess or collect taxes from CTI's officers.

II. Anti-Injunction Act Bar

Defendant argues that even if CTI had standing to address the separate tax

liabilities of Leggett and Smith, which it does not, the relief sought by CTI is barred by the Anti-Injunction Act ("Act"), 26 U.S.C. §7421. The Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The purpose of the act is to "withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5 (1962). The Act provides for certain specific statutory exceptions. *Id.* Also, in addition, there is a limited exception in "suits for injunctions in tax cases in certain extreme situations where: (1) under the most liberal view of the law and facts, the government could not ultimately prevail; and (2) plaintiff will sustain irreparable injury for which there is no adequate remedy at law." *Rappaport v. United States*, 583 F.2d 298, 301-02 (7th Cir. 1978)(stating that "[u]nless both conditions of this two-part test are met, a suit to enjoin the collection of a tax must be dismissed for lack of jurisdiction.").

In the instant action CTI asks this Court to find that IRS Appeals has jurisdiction to entertain its request not to assess TFRP and to stay the collection of TFRP against Leggett and Smith. However, as previously mentioned, TFRP is deemed a tax. 26 U.S.C. §6671(a). Therefore, CTI's suit seeks to restrain the assessment of a tax and the Act bars such relief. CTI argues that the legislative intent and the statutory right to appeal in 26 U.S.C. §6330(d) ("Section 6330(d)")

create a statutory exception to the Act, but CTI fails to cite any controlling precedent to support its position. Neither has CTI shown that under the most liberal view of the facts and the law Defendant could not prevail. CTI cites the Internal Revenue Manual, which provides guidance to revenue officers and does not provide rights to taxpayers. *In re Carlson*, 126 F.3d 915, 922 (7th Cir. 1997)(stating that "[p]rocedures in the Internal Revenue Manual are intended to aid in the internal administration of the IRS; they do not confer rights on taxpayers"). Also, regardless, the Internal Revenue Manual merely suggests that TFRP should not be assessed if an installment agreement is reached and the employer complies with its terms. (Plaintiff's Ex. B, 3) Internal Revenue Manual Section 1.2.1.5.14(6). Ultimately, it is up to the revenue officer's discretion to determine whether or not to assess a TFRP. CTI also argues that it has no adequate remedy at law in regards to the TFRP. However, CTI was afforded a CDP Hearing and the IRS accepted its proposed installment agreement. Moreover, Leggett and Smith were each instructed how to appeal or protest the assessment of TFRP. (Plaintiff's Ex. C). Specifically, Leggett and Smith were informed of the right to a 'formal written protest' and advised to "include any additional information that you want the Settlement Officer/Appeals Officer to consider." (Plaintiff's Ex. C). Accordingly, CTI's claim does not fall within the exception to the Act and the relief sought by CTI is barred by the Anti-Injunction Act.

III. IRS Determination

Defendant also argues that even if CTI had standing in the instant action and the Anti-Injunction Act did not bar its suit, the Defendant's motion to dismiss should still be granted because IRS Appeals did not abuse its discretion in reaching its Determination. In regards to a standard of review a court must apply when evaluating an IRS administrative determination, 26 U.S.C. §6330(d) ("Section 6330(d)") is silent. 26 U.S.C. §6330(d); *Cardinal Healthcare v. US*, 2002 WL 31002880, at *6 (S.D.Ill. 2002). However, a conference report accompanying the IRS Restructuring Act states that in cases where the validity of the underlying tax liability is not at issue the standard of review is abuse of discretion. *Id.*

In the instant action, CTI does not challenge its tax liability or Leggett's or Smith's tax liability. Therefore, the standard of review is abuse of discretion. An abuse of discretion "means something more than" the court's belief that it would "have acted differently if placed in the circumstances confronting the" lower tribunal. *Johnson v. J.B. Hunt Transport, Inc.*,280 F.3d 1125, 1131 (7th Cir. 202)(stating that an abuse of discretion must strike the court as "fundamentally wrong"). Also, Section 6330(c)(3) explains that the appeals officer shall take into consideration the following:

(A) the verification presented under paragraph (1);
(B) the issues raised under paragraph (2); and
(C) whether any proposed collection action balances the need for the efficient

collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

26 U.S.C. §6330(c)(3). In the instant action, it is evident that all administrative procedures have been met. CTI was given notice of the IRS's intent to levy and an opportunity to request a CDP hearing. (Plaintiff's Ex. A). CTI raised issues regarding its tax liability in its request for a CDP hearing. (Plaintiff's Ex. B). CTI's request proposed an alternative to levy, a detailed report of its past, current and future financial health and the request devoted an entire section to why TFRP should not be assessed. (Plaintiff's Ex. B). CTI's request did not contest its tax liability. (Plaintiff's Ex. B) Moreover, CTI acknowledged that its income and expense statements indicated that it could make larger payments than the proposed $5,000.00 monthly payments. (Plaintiff's Ex. B). Finally, the revenue officer was required to find a balance between the government's interests in the efficient collection of taxes and the concerns raised by CTI. The government was probably concerned that CTI defaulted on its first installment plan. In addition, Leggett and Smith were provided with notice of the assessment of TFRP, and instructions on how to protest or appeal the action. (Plaintiff's Ex. C). During an appeal or protest, Leggett and Smith would have had an opportunity to inform the IRS of the impact of the assessment of TFRP and of CTI's installment agreement. Considering all of this, the IRS Appeals issued a Determination that CTI would be allowed an installment agreement as an alternative to a levy and did not address the issue of TFRP. By not addressing this issue, IRS Appeals reserved the government's statutory right to assess TFRP. This

Determination is not fundamentally wrong. Therefore, even if CTI had standing in the instant action and the relief sought was not barred by the Act, the IRS Appeals did not abuse its discretion.

## CONCLUSION

Based on the foregoing analysis, we grant Defendant's motion to dismiss in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 13, 2005